# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT O. CARUTHERS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:14-cv-0342-JMS-DKL |
| CLARK COUNTY SHERIFF DEPT., et al., | ) ) ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

## I. Background

The plaintiff, Robert O. Caruthers, Jr. ("Mr. Caruthers"), is incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. Although it is difficult to discern with certainty, it appears that Mr. Caruthers has named four defendants: 1) Clark County Sheriff Department; 2) Sheriff Dan Rodden; 3) Superintendent R. Brown, and 4) Clark Circuit #2 Judge Daniel Donahue. Mr. Caruthers alleges that the defendants violated his Fourth and Sixth Amendment rights and his Fourteenth Amendment due process rights. He seeks 45 million dollars in compensatory damages and injunctive relief.

Mr. Caruthers has paid the filing fee. The complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Screening

### A.

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Caruthers are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B.

For the reasons set forth in this Entry, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

Mr. Caruthers has attached to his complaint a chronological case summary showing that on January 10, 2013, he filed a petition for post-conviction relief in case No. 10C02-1301-PC-00001, and that his petition was denied on December 30, 2013. According to the Indiana Department of Correction website, Mr. Caruthers was sentenced on September 1, 2010, after being convicted of dealing in cocaine or narcotic drugs in Clark County No. 10D02-0802-FA-000048.

Mr. Caruthers alleges that probable cause did not exist for the search of the residence where he was accused by detectives of making drug deals on February 18, 2008. He alleges that the judge

refused to allow at trial evidence of his alibi of being at a casino on the day of the alleged drug deal. He alleges that he was denied effective assistance of counsel during trial, in violation of his Sixth Amendment rights. He alleges that clear and convincing evidence of his innocence was not considered.[1]

Mr. Caruthers' challenges to his underlying criminal conviction and post-conviction proceedings are **dismissed as barred** by the principles set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994). A prisoner's § 1983 claims are not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If the Court were to conclude that the plaintiff's constitutional rights were violated during the criminal proceedings, such a judgment would imply the invalidity of his conviction. Therefore, under *Heck,* Mr. Caruther's claims are barred.

Mr. Caruthers does not allege any wrongdoing on the part of the Wabash Valley Superintendent R. Brown. To the extent the Superintendent is named only because of his supervisory position, such claim is **dismissed** for failure to state a claim upon which relief can be granted. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established

---

[1] Mr. Caruthers properly reports that on April 20, 2012, he filed a civil rights action, 4:12-cv-0048-SEB-TAB, in which he attempted to bring claims against "Unknown Officers" similar to those he brings here. That action was dismissed on September 5, 2012, for failure to state a claim upon which relief can be granted. He also filed a habeas petition in this Court, 4:12-cv-0090-RLY-DML, which was dismissed without prejudice on May 17, 2013, for failure to exhaust his state remedies.

that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

Any claim brought against Judge Donahue in his individual capacity is barred by his judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Finally, Mr. Caruthers also alleges that he was beaten by unnamed Wabash Valley correctional officers on February 2, 2012. This action was filed on October 31, 2014, which is more than two years after the date of the alleged beating. Not only has Mr. Caruthers failed to identify the names of the officers who participated in the beating, but his claims appear to be time-barred. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (section 1983 statute of limitations for Indiana claims is two years); Ind. Code § 34–11–2–4. Even if these claims were timely, they are misjoined in this action because they are not factually or legally related to the other claims asserted. *See* Rule 20 of the *Federal Rules of Civil Procedure.*

### III. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. Mr. Caruthers shall have **through January 15, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Caruthers fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

The clerk shall **update the docket** to reflect Mr. Caruther's prisoner identification number as #904448.

**IT IS SO ORDERED.**

Date: December 4, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert O. Caruthers, Jr.
#904448
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.